# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00121-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DEANGELO MARQUIS CLARK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to File Sentencing Memorandum Under Seal [Doc. 30].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. Counsel, however, does not provide any grounds to support his Motion.

Before sealing a court document the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Defendant has failed to explain why less drastic alternatives to sealing would not be effective. As such, the Defendant's Motion fails to provide a sufficient basis to support a decision to seal the Sentencing Memorandum and for rejecting the alternatives to sealing. Additionally, the Defendant's Motion fails to provide a statement indicating why sealing is necessary as required by LCrR 32.5(d) and LCvR 6.1(c)(2). For these reasons, the Court will deny the Defendant's Motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File Sentencing Memorandum Under Seal [Doc. 30] is **DENIED WITHOUT PREJUDICE**. The Clerk of Court is directed to unseal the Sentencing Memorandum [Doc. 29] seven (7) days after the entry of this Order in order to give the Defendant the opportunity to amend or withdraw the Sentencing Memorandum prior to unsealing.

**IT IS SO ORDERED.**

Signed: April 16, 2018

Martin Reidinger
United States District Judge