# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00121-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DEANGELO MARQUIS CLARK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify sentence. [Doc. 45].

On December 6, 2017, the Defendant pled guilty pursuant to a written plea agreement to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On April 19, 2018, the Court sentenced the Defendant to a term of 36 months' imprisonment and three years of supervised release. [Doc. 32]. The Defendant did not file a direct appeal.

The Defendant was released from prison on January 15, 2020. In July 2020, the Probation Office filed a petition seeking the revocation of his term of supervised release. [Doc. 34]. On October 29, 2020, the Defendant's

supervised release was revoked, and he was sentenced to a term of 12 months' imprisonment and 24 months of supervised release. [Doc. 42]. After serving his term of imprisonment, the Defendant was again released to supervision in August 2021. In January 2022, the Probation Office filed another petition seeking the revocation of the Defendant's supervised release. [Doc. 43]. That petition remains pending.

The Court received the Defendant's present motion on May 16, 2022. In his motion, the Defendant appears to challenge the calculation of his offense level and criminal history with respect to his underlying firearms conviction. [Doc. 45]. Specifically, he argues that pursuant to U.S.S.G. § 4A1.2(d), he should not have been assessed points for certain convictions that he received when he was a juvenile because such convictions were not within five years of the commencement of his instant firearms offense. [Id.].

The Defendant misconstrues § 4A1.2(d). That provisions allows for the counting of offenses committed prior to the age of eighteen if such offenses "resulted in adult sentences of imprisonment exceeding one year and one month, *or* resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense . . . ." U.S.S.G. § 4A1.2(d) n.7 (emphasis added). Here, the Defendant committed the offenses of felony

attempted robbery with a dangerous weapon and felony conspiracy to commit robbery with a dangerous weapon at the age of sixteen and was sentenced to a term of 51 to 71 months' imprisonment for those offenses. [Doc. 27: PSR at ¶ 24]. Because these offenses "resulted in [an] adult sentence[ ] of imprisonment exceeding one year and one month," id., they were properly counted as prior convictions for the purpose of calculating the Defendant's criminal history. The fact that the offenses were committed more than five years prior to his federal firearms conviction in this case is simply irrelevant. Accordingly, the Defendant's challenge to the calculation of his offense level and criminal history category is without merit.

Nevertheless, if the Defendant wishes to be heard further on this issue, he must file a proper motion to vacate, following the form for § 2255 motions which has been approved for use in this judicial district. See Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts. In filing such motion, the Defendant should address the timeliness of his filing. Section 2255 provides for a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The Defendant must show either that his motion is timely under one of these subsections or that the circumstances warrant equitable tolling.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to modify sentence [Doc. 45], is **DENIED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to send the Defendant the appropriate § 2255 motion form.

---

[1] Equitable tolling is available only when a § 2255 petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Equitable tolling is limited to "'rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)), cert. denied, 135 S. Ct. 2890 (2015).

**IT IS SO ORDERED**.

Signed: May 19, 2022

Martin Reidinger
Chief United States District Judge