IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-CR-121-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DEANGELO MARQUIS CLARK ) | |
| ) | |
| ) | |

This matter is before the Court on Defendant's oral motion requesting leave to represent himself, which motion was made during proceedings that were conducted on July 18, 2022.

I. **Relevant Background**

In April of 2018, Deanglo Marquis Clark ("Defendant") was sentenced to 36 months imprisonment followed by three years of supervised release, after pleading guilty to violating 18 U.S.C. 922(g)(1). Doc. 32.

In October of 2020, Defendant's supervised release was revoked and he was ordered to serve 12 months imprisonment consecutive to any undischarged term of imprisonment imposed by any State or Federal court in relation to new law violations Defendant had committed, followed by 24 months of supervised release. Doc. 42.

On January 13, 2022, a Petition was filed alleging that Defendant had again violated the terms and conditions of his supervised release. Doc. 43. On

1

February 22, 2022, an Addendum was filed alleging additional violations. Doc. 44.

On July 13, 2022, Defendant made his initial appearance on the Petition and the Addendum. Through duty counsel from the Federal Defender's Office, Defendant moved for the appointment of counsel and submitted a financial affidavit. Below the signature line on his affidavit, Defendant added "without prejudice". The Court noted the addition and inquired about it. Duty counsel suggested it might be associated with a document Defendant had filed recently and confirmed that Defendant did want counsel to be appointed for him. The undersigned allowed the request and attorney Nathan Stallings was subsequently appointed to represent Defendant. The Government moved for detention and preliminary revocation and detention hearings were scheduled for July 18, 2022.

When Defendant appeared before the Court on July 18 as scheduled, defense counsel indicated that he had reviewed the preliminary revocation procedures with Defendant and had signed a waiver of preliminary hearing but that before Defendant would execute the document, Defendant wanted to ask the Court some questions and wanted counsel to stand with Defendant while he did so. The undersigned declined to allow Defendant to address the Court in this manner as he was represented by counsel and advised Defendant again with regard to his rights concerning counsel. Defendant appeared to indicate that he did not understand what was occurring and stated that he had

reserved his "common law" rights. The Court held the case open to allow Defendant and counsel an opportunity to confer.

When the case was recalled later that day, Mr. Stallings advised that Defendant wished for him to be removed as defense counsel and that Defendant wanted to represent himself with Mr. Stallings remaining as standby counsel. The Government took no position on the request.

After inquiring of Defendant, the undersigned denied Defendant's motion orally. This Order memorializes that ruling.[1]

## II. Discussion

The Sixth Amendment "grants to the accused personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819 (1975). "A trial court evaluating a defendant's request to represent himself must 'traverse ... a thin line' between improperly allowing the defendant to proceed *pro se,* thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." Fields v. Murray, 49 F.3d 1024, 1029 (4th Cir. 1995) (quoting Cross v. United States, 893 F.2d 1287, 1290 (11th Cir.), *cert. denied,* 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990)). "Because an exercise of the right of self-representation necessarily entails a waiver of the right to counsel—a

---

[1] After Defendant's request was denied, the undersigned conducted a preliminary revocation hearing. Probable cause was found as to each of the alleged violations. With regard to the Government's pending motion for detention, Defendant did not execute a waiver of his right to an immediate detention hearing but defense counsel made an oral motion on Defendant's behalf that a hearing on the Government's motion be continued indefinitely for cause. That motion was allowed.

3

defendant obviously cannot enjoy both rights at trial—the exercise of the right of self-representation must be evaluated by using many of the same criteria that are applied to determine whether a defendant has waived the right to counsel. An assertion of the right of self-representation therefore must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

In this case, as noted, Defendant added the phrase "without prejudice" to the signature line of his financial affidavit which was presented during his initial appearance in support of his request that an attorney be appointed for him. Defendant did not object or ask to speak with duty counsel when she confirmed that Defendant wished for counsel to be appointed for him.

From his statements during the proceedings on July 18, however, it appears that Defendant may wish to enjoy both the right of self-representation and the right to counsel simultaneously.

In addition, Defendant's participation in the required colloquy on July 18 was concerning. He appeared to need the assistance of Mr. Stallings to understand multiple questions that were being posed to him. Further, while Defendant at times expressed a desire to represent himself, he also declared he was proceeding "without prejudice" and was reserving his "common law" rights. Likewise, when he was asked at the end of the colloquy whether representing himself was what he really wanted to do, he responded "no . . . but yes."

Based upon this information and having observed Defendant in open court, both before and after holding the case open and giving Defendant an opportunity to consult with Mr. Stallings, the undersigned concludes that Defendant has not made a sufficiently clear and unequivocal, knowing, intelligent and voluntary declaration that he wishes to waive his right to be represented by counsel and to invoke his right to self-representation in this matter.[2]

**IT IS THEREFORE ORDERED THAT** Defendant's oral motion requesting leave to represent himself, which was made during proceedings being conducted on July 18, 2022, is **DENIED**.

Signed: July 19, 2022

W. Carleton Metcalf
United States Magistrate Judge

---

[2] Given that Defendant made his initial appearance on the charging documents on July 13, 2022, his request was timely.