IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00121-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> DEANGELO MARQUIS CLARK, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letters [Docs. 63, 64], which the Court construes as a motion for the calculation of jail credit and as a motion to amend the judgment, respectively.

In February 2023, the Defendant was found guilty of violating the terms of his supervised release. [Doc. 62]. He was sentenced to a term of 24 months, to be served "consecutive[ly] to any undischarged term of imprisonment imposed by any state or federal court, whether previously or hereafter imposed, particularly including any pending state charges identified in the petition or the addenda thereto." [Id. at 2].

In his first letter, the Defendant appears to request that the Court include all of the time he has spent in jail in calculating his sentence credit.

[Doc. 63]. The Defendant's motion must be denied. In his federal revocation hearing, the Defendant was found guilty of several new state law violations. [Doc. 62]. He is currently serving state sentences for these offenses. The Defendant's federal revocation sentence was imposed to run consecutively to these state terms of imprisonment. [Id. at 2]. As such, his federal revocation sentence has not yet commenced. In any event, the Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisons. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a). Accordingly, the Defendant should, at the appropriate time, address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies

have been exhausted, the Defendant may seek judicial review in the district of his confinement.

In his second letter, the Defendant appears to request that the Court amend his Judgment so as to run his federal revocation sentence concurrently with his state sentences. [Doc. 64]. The Defendant has stated no basis on which the Court can or should amend the Judgment in this case. The Defendant did not appeal his Judgment, nor has he filed a motion to vacate his conviction under 28 U.S.C. § 2255. Accordingly, the Defendant's request for an amendment of his Judgment is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 63], which the Court construes as a motion for the calculation of jail credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant's letter [Doc. 64], which the Court construes as a motion to amend the Judgment, is **DENIED**.

**IT IS SO ORDERED.**  Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge