# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:17-cr-00121-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    **O R D E R** |
| | ) |
| DEANGELO MARQUIS CLARK, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Alter Judgment. [Doc. 67].

By his motion, Defendant requests that the Court amend his Judgment so as to run his federal revocation sentence concurrently with his state sentences.[1] [Id.]. He argues that the Court could have, in its discretion, allowed his sentences to run concurrently and that in his estimation, this was warranted based on his criminal history and the factors discussed in 18 U.S.C. § 3553(a). [Id. at 2]. However, Defendant has stated no basis on which the Court can amend the Judgment in his case. Indeed, Defendant

---

[1] The Defendant has previously filed a motion seeking precisely this same relief. [Doc. 64]. That motion was denied. [Doc. 65].

did not appeal his Judgment, nor has he filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255.

The grounds for amending or modifying a criminal judgment after it is entered are very limited. Defendant does not cite any of those grounds. Rather, he presents an argument that *could* have been made at his revocation hearing, but was not. Such proceedings are not left open to be argued and re-argued after the entry of judgment.

A revocation judgment is entered as a part of and pursuant to the judgment from the underlying conviction. The revocation sentence is to reflect the breach of trust committed by a defendant upon his release from the incarceration portion of that prior sentence. For that reason a revocation sentence will ordinarily be ordered to be served consecutively to an undischarged term of imprisonment that is otherwise imposed, even if it is for New Law Violations that gave rise to the revocation judgment. USSG §7B1.3. While Defendant is correct that § 7B1.3 is no longer mandatory, the rationale underlying the policy of that section remains. It is for that reason that ordering Defendant's revocation sentence to be served consecutively to his state sentence was appropriate and remains unchanged.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Alter Judgment [Doc. 67] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: April 8, 2024

Martin Reidinger
Chief United States District Judge